IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-PO-55 |
| v. | ) | |
| | ) | |
| RICHARD M. FLEMING, | ) | (GUYTON) |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This case is before the Court on the Defendant's Second Motion to Postpone Report Date [Doc. 4], filed on November 17, 2014. On September 15, 2014, Defendant entered a guilty plea to a second offense of operating a motor vehicle with an alcohol concentration of 0.08 grams or greater. The Court sentenced [Doc. 1] him to a forty-five-day term of incarceration and permitted him to self-report to an institution designated by the Bureau of Prisons (BOP). On October 16, 2014, the Defendant moved [Doc. 2] the Court to delay his October 21 report date until after his daughter's wedding on November 21, 2014. The Government did not object to this request, and the undersigned granted the Defendant's motion, directing the BOP to re-designate the Defendant to report on November 24, 2014, or a date thereafter. The Defendant now asks the Court to continue his report date for another six weeks in order to permit him to undergo medical testing for a heart condition.

In support of his motion, the Defendant states that on November 10, he began experiencing chest pain and an irregular heartbeat.[1] He sought treatment from a cardiologist Dr. Stephen Dill, who recommended that the Defendant have a stress test, a stress echocardiogram, and some additional monitoring tests to determine the source of the problem. The Defendant has attached a memorandum to the chart from Dr. Dill, stating that he examined the Defendant on November 14, that the Defendant had a regular heart rhythm on that date, that Dr. Dill was "somewhat concerned" about the Defendant's chest pain, and that he recommends the Defendant have the above listed tests in the next four to six weeks in order to "further evaluate [the Defendant] and be sure everything is okay from a cardiovascular perspective." [Doc. 4-1]

The Government opposes [Doc. 5] the further delay of the Defendant's report date. It states that the Defendant has failed to show why he did not attempt to have the testing and treatment before the November 24 report date and why he cannot receive any necessary medical care from the BOP. The Government argues that another continuance of the Defendant's report date is unjustified.

The Court agrees with the Government and finds that the Defendant has not shown good cause for a second continuance of his report date. Dr. Dill's Office Notation does not ascribe urgency to the suggested testing, recommending that it occur over the next four to six weeks, rather than in the ten days before the Defendant's report date. The Court finds that the Defendant's motion and attachment do not state that the testing cannot be delayed until after the Defendant has served his six-and-one-half week sentence. Additionally, the Court observes that

---

[1] The Court notes that on November 14, the Defendant told Dr. Dill that he had been experiencing chest pain "intermittently for the last couple of weeks" both during exertion and while at rest. [Doc. 4-1]

2

the Defendant will have access to medical care while incarcerated. In this regard, defense counsel is **DIRECTED** to contact the United States Marshals Service and/or the BOP to arrange for the Defendant to provide the facility to which the Defendant is designated with his prescription medication as well as any necessary medical records or other information about his medical conditions and treatment. Because the Defendant has failed to show good cause for a second delay of his report date, the Defendant's Second Motion to Postpone Report Date [**Doc. 4**] is **DENIED**.

    **IT IS SO ORDERED.**

                       ENTER:

                         */s/ Bruce Guyton*
                         United States Magistrate Judge